UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL GREEN,

    Plaintiff,

v.

HATHAWAY, et al.,

    Defendants.

No. 2:17-cv-01598 MCE CKD P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 27, 2017, plaintiff's complaint was transferred to this court from the Northern District of California. ECF No. 11. Before the court could screen plaintiff's complaint, he filed a motion to amend his complaint which was granted on October 10, 2017. See ECF Nos. 21, 26. Plaintiff filed a first amended complaint on December 28, 2017 that was dismissed with leave to amend for failing to state any claims upon which relief may be granted. See ECF No. 39. Specifically, the court found that plaintiff "failed to allege that any of the named defendants committed a purposeful act on February 6, 2016 when the [medical] gurney's wheels got caught on a sidewalk crack causing it to tip over while plaintiff was being transported on it." Id. The remaining claims were found too vague and conclusory to state a claim for relief. Id. at 4-5. However, in its screening order, the court advised plaintiff of the requirements for stating an Eighth Amendment claim for deliberate indifference to plaintiff's

serious medical needs.  See ECF No. 39 at 4.

On February 26, 2018, plaintiff filed a second amended complaint that is now before the court for screening.

## I. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

## II. Plaintiff's Second Amended Complaint

Plaintiff names nine correctional officers and staff at High Desert State Prison as defendants in this action.  The majority of plaintiff's second amended complaint contains a recitation of the law governing civil rights allegations against prison officials.  ECF No. 42 at 3-5.  The only facts that the court could glean from the complaint is that plaintiff is a mobility impaired inmate in the disability placement program who alleges that "he was denied accommodation necessary for his mobility."  ECF No. 42 at 3.  However, plaintiff fails to identify how any single named defendant is responsible for denying him a necessary accommodation for his disability.[1]  The only specific factual allegation is based on a February 6, 2016 event in which the medical

---

[1] Moreover, plaintiff was advised in the court's prior screening order that any allegations that he was denied an accommodation necessary for his mobility disability under the Armstrong Remedial Plan must be pursued through the consent decree in that class action lawsuit or through class counsel.  See ECF No. 39 at 3.

2

gurney that plaintiff was being transported on "got caught in a sidewalk crack causing it to tip over." Id. Plaintiff alleges that Nurse A. Antograzzi was involved in this incident, but this individual is not named as a defendant in the present action.

**III.    Analysis**

The Court finds that plaintiff's second amended complaint does not state any cognizable claim upon which relief may be granted. Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). Plaintiff's second amended complaint contains no factual allegations linking acts or omissions of the named defendants to any violations of plaintiff's rights under federal law.

The court has previously dismissed plaintiff's first amended complaint with leave to amend and has provided appropriate instructions on how to cure the deficiencies in its previous order, but plaintiff has failed to cure the deficiencies identified by the court. Even if plaintiff was granted additional leave to amend in order to name Nurse Antograzzi as a defendant, the Eighth Amendment claim related to the gurney accident would still fail because plaintiff was already being transported for medical treatment at the time that it happened. Thus, there are simply no facts that plaintiff could plead to demonstrate a denial or delay of medical care as a result of the gurney accident. For these reasons, it appears that the defects in the second amended complaint are not curable. Accordingly, the court recommends that further leave to amend the complaint be denied. See Lopez v. Smith, 203 F.3d 112, 1130 (9th Cir. 2000). Additionally, the undersigned recommends dismissing plaintiff's second amended complaint for failing to state a claim.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's second amended complaint be dismissed for failing to state a claim; and,

2. Further leave to amend the complaint be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 11, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/gree1598.f&rdismiss.docx